[No. 16994. Department One. July 11, 1922.]

H. W. SITTON, *as Trustee in Bankruptcy for Eilers
Music House, Appellant,* v. WM. C. KEITH
*et al., Respondents.*[1]

SALES (121½)—REMEDIES OF SELLER—RETAKING PROPERTY. Upon
a sale of a piano, the seller to furnish the use of another until de-
livery could be made, the seller cannot retake the one furnished
until delivery of the piano sold or tender of repayment of the
consideration paid.

Appeal from a judgment of the superior court for
King county, Hall, J., entered August 11, 1921, upon
findings in favor of the defendants, dismissing an
action of replevin, tried to the court. Affirmed.

*James R. Chambers,* for appellant.

*Carroll B. Graves,* for respondents.

TOLMAN, J.—This is an action in replevin, brought
to recover possession of a piano sold on a conditional
sale contract. From a judgment denying the relief
sought and dismissing the action, the plaintiff has ap-
pealed.

We are convinced by an examination of the record
that the evidence there appearing justifies and sup-

[1]Reported in 207 Pac. 1049.

ports the following findings of fact made by the trial court:

"IV. That on the 22d day of December, 1911, the defendant Wm. C. Keith entered into a conditional contract to purchase from Eilers Music House one Chickering piano at the agreed price of $820.00, upon which contract said defendant then and there paid the sum of $25.00 in cash and delivered in exchange another piano at the agreed price of $220.00, and the balance of the purchase price was to be paid at the rate of $25.00 per month on the first day of each and every month commencing February 1, 1912, and the deferred payments to bear interest; that the original purchase contract was not introduced in evidence, and the rate of interest which the deferred payments were to bear and the number and style of the piano are uncertain, since the complaint alleges that the interest rate was to be 8%, whereas the copy of the contract annexed to the complaint provides that interest should be at the rate of 10% per annum; and the number and style of the piano as testified to by the witnesses for the plaintiff are not the same as testified to by the witnesses for defendants; but whatever the contract may have been, the same was modified by a subsequent written contract entered into between the parties, bearing date December 22, 1911, whereby the said Eilers Music House agreed to furnish a style 'W' Chickering Grand piano, not bearing any number, on special order from the factory, according to the specifications then and there stated in said modifying contract, the purchase-price and the times of payment remaining unmodified, and the payments hereinbefore mentioned being allowed to apply upon said modifying contract for the purchase of a piano to be furnished on special factory order and according to specifications stipulated for by the defendant Keith.

"V. That the piano contracted to be sold by the original purchase and sale contract, without regard to the style and number testified to by the different witnesses, was never delivered by Eilers Music House to the defendant Keith, nor did the Eilers Music House ever deliver any piano to the defendant Keith under

the modifying contract, and no piano was ever delivered to the defendant Keith by Eilers Music House either under any original sales contract or under the modified contract.

"VI. That after entering into the modified written contract it was mutually and orally agreed that, pending the furnishing and delivery of the piano to be made and furnished upon the special order and specifications aforesaid, said Eilers Music House would deliver to the defendant Keith a piano for his use to be held by him until the piano provided for by the modifying contract would have been made, furnished and delivered. That pursuant to said oral understanding and agreement Eilers Music House did deliver to said defendant Keith a piano to be held by him until delivery of the piano contracted for, and subsequently said piano was redelivered to the Eilers Music House and a further piano furnished the defendant Keith to be held by him under the same terms as the first piano placed in his possession. That the piano last-mentioned is the only piano furnished by the Eilers Music House to the defendant and which was in possession of the defendant Keith at the time of the commencement of this action, and the piano is not the piano described in the complaint or mentioned in the purported contract in said complaint and the testimony of the plaintiff's witnesses, nor is it the piano ordered under the modified contract aforesaid.

"VII. That after the execution of the modified contract aforesaid the defendant Keith, relying upon the modified agreement aforesaid, made payments thereunder until he had paid to the said Eilers Music House, including the initial payment, the sum of $495.00 principal, and $50.00 interest; and the said Eilers Music House failed and refused to deliver the piano and its equipment as ordered and specified in the modified agreement, and the said defendant Keith thereupon refused to make any further payments until and unless the piano called for by the modified contract of purchase should be delivered to him, and that the piano now held by the said Keith was not sold or delivered to him under any contract of purchase or of sale, but

was delivered to him solely to be held until the piano purchased should be delivered; that the said Keith now has possession of said piano under the oral agreement aforesaid, and not otherwise, and the Eilers Music House, or the plaintiff herein, has not complied with the oral agreement aforesaid whereby it is entitled to take possession of said piano.''

It is true there was evidence tending to show, and it is vigorously contended, that the second and last piano placed in the possession of respondents was, or was intended to be, a compliance with the modified contract, but we are not convinced that the trial court was wrong, or disregarded the weight of the evidence in that respect.

Since we cannot find that the evidence preponderates against the findings, it remains only to determine whether the right conclusions were reached from the facts found.

Notwithstanding the argument that respondents have had the use of the piano for more than ten years, and by the payment of a little more than one-half of the purchase price are, by the judgment below, permitted to retain indefinitely, and virtually become the owners of, a piano worth substantially as much as the piano contracted to be sold to them, we think the judgment was right. If, as found, appellant's predecessor in interest contracted to sell and deliver a certain specified instrument, and to furnish the use of another piano until the one sold was delivered to the purchaser, then the remedy was at all times in the hands of the seller. By complying with its contract and delivering the instrument sold, it would immediately become entitled to the return of the substituted instrument and to the purchase price, in accordance with the terms of the contract; but until it fulfilled its part of the contract by such delivery, or, if that were impossible, placed

the purchaser in *status quo* by the return or tender of that part of the consideration which had been paid, it was not entitled to retake the substituted instrument.

Finding no error, the judgment is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.